1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE

10

11   JOHN WILSON and JACQUELINE              CASE NO. 2:23-CV-00805-LK
     WILSON,
12                                           ORDER ON PENDING MOTIONS
                        Plaintiffs,
13           v.

14   JPMORGAN CHASE BANK, N.A. and
     QUALITY LOAN SERVICE
15   CORPORATION OF WASHINGTON,

16                      Defendants.

17

18         This matter comes before the Court on Defendant JPMorgan Chase Bank, N.A.'s Motion

19   to Enforce Referral to Bankruptcy Court, Dkt. No. 7, and pro se Plaintiffs John and Jacqueline

20   Wilson's Motion for Remand and for Rejection of Chase's Motion to Enforce Referral, Dkt. No.

21   11. Also before the Court is Chase's Motion to Dismiss, Dkt. No. 19,[1] and Request for Judicial

22   Notice in Support of Motion to Dismiss, Dkt. No. 20. For the reasons discussed below, the Court

23   denies Plaintiffs' motion to remand and refers this matter to the bankruptcy court. Chase's motion

24   _____
     [1] Defendant Quality Loan Service Corporation of Washington joins Chase's motion to dismiss. Dkt. No. 21.

to dismiss and request for judicial notice are therefore referred to the bankruptcy court as well.

## I.   BACKGROUND

Plaintiffs sued Chase and Quality Loan Service in Snohomish County Superior Court to enjoin or otherwise thwart the nonjudicial foreclosure sale of his home. Dkt. No. 1-1 at 4–6.[2] They allege that the sale is unlawful because the statute of limitations has run on "approximately $275,755.24" in payments on the home loan, which is secured by a deed of trust on the property. Dkt. No. 1-1 at 18; *see also id.* at 4–5, 8, 16; Dkt. No. 1-1 at 47–78 (April 2005 promissory note and deed of trust). Plaintiffs specifically seek a declaration that (1) Washington's Deed of Trust Act (the "DTA") "violates [his] rights under Article 1, § 23 of the Washington Constitution and Article 1, § 10, Clause 1 of the U.S. Constitution and therefore is void"; (2) "the non-judicial foreclosure proceeding that is the subject of this litigation is void"; (3) "the statute of limitations has run on Defendants' right to collect the debt"; and (4) "the statute of limitations has run on the installment note payments that became due and payable between January 1, 2011, and May 1, 2017[.]" Dkt. No. 1-1 at 44; *see also id.* at 4–6, 8, 15, 19, 25, 43. They request this relief pursuant to Washington's Uniform Declaratory Judgments Act (the "UDJA"). *Id.* at 4–5, 7; *see* Wash. Rev. Code. § 7.24.020.

Plaintiffs also ask the Court to permanently enjoin Chase and Quality Loan Service from collecting the allegedly time-barred debt and to award "actual damages Plaintiffs have sustained, together with the costs of suit, including a reasonable attorney's fee, and trebling of the damage award." Dkt. No. 1-1 at 44. They ground their right to this relief in Washington's Consumer

---

[2] Quality Loan Service originally scheduled the trustee's sale for April 21, 2023. Dkt. No. 1-2 at 99; Dkt. No. 9-1 at 200. After filing their complaint, Plaintiffs immediately moved the superior court for a temporary restraining order to enjoin the sale. *See* Dkt. No. 1-2 at 95–98; Dkt. No. 1-1 at 89–99; Dkt. No. 9-1 at 3–4, 53–61, 223–33 (TRO motion and briefs). The superior court granted a seven-day emergency injunction pending a hearing on the merits. Dkt. No. 9-1 at 213–14. On May 11, 2023, however, the court denied Plaintiffs' motion and dissolved the temporary injunction. *Id.* at 348–50; *see also id.* at 350 (finding "no reasonable expectation that the plaintiffs will be successful with the statute of limitations argument"). The record does not reveal whether or when the sale was rescheduled.

1    Protection Act (the "CPA"). *Id.* at 18, 44; *see* Wash. Rev. Code § 19.86.090. And last, Plaintiffs

2    appear to assert a claim for DTA violations. *See, e.g.*, Dkt. No.1-1 at 11–14, ¶¶ 4.17–4.25, 4.32,

3    4.35.

4            Chase timely removed the action to federal district court. Dkt. No. 1; *see* 28 U.S.C.

5    §§ 1441(a), 1446(b)(1).[3] It asserts three bases for subject matter jurisdiction: (1) a portion of

6    Plaintiffs' state law declaratory judgment claim arises under the United States Constitution (federal

7    question jurisdiction); (2) the parties are completely diverse and the amount in controversy exceeds

8    $75,000 (diversity jurisdiction); and (3) Plaintiffs' claims are related to Mr. Wilson's pending

9    bankruptcy proceedings[4] ("related to" jurisdiction). Dkt. No. 1 at 3–5; *see* 28 U.S.C. §§ 1331,

10   1332(a)(1), 1334(b), 1452(a). Chase also moved to enforce referral of this action to the United

11   States Bankruptcy Court for the Western District of Washington as, again, related to *In re Wilson*,

12   No. 23-10919-MLB (Bankr. W.D. Wash.). Dkt. No. 7; *see* 28 U.S.C. § 157(a); LCR 87(a)–(b).

13   And it soon thereafter filed a motion to dismiss Plaintiffs' amended complaint. Dkt. No. 19.

14           Plaintiffs moved to remand this case to Snohomish County Superior Court. Dkt. No. 11;

15   *see* 28 U.S.C. § 1447(c). They contend that none of Chase's three bases for jurisdiction exists. Dkt.

16   No. 11 at 4–10.

17                                      **II.   DISCUSSION**

18           The Court first addresses subject matter jurisdiction and Plaintiffs' motion to remand. It

19   _____

20   [3] Chase was served with Plaintiffs' original complaint on May 1, 2023. Dkt. No. 1 at 5; *see* Dkt. No. 1-2 at 3 (cover
     sheet to original complaint indicating service occurred on May 1, 2023). Chase indicates that Quality Loan Service
     consents to removal. Dkt. No. 1 at 5; *see* 28 U.S.C. § 1446(b)(2)(A) (all properly served defendants must join in or

21   consent to removal); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224–25 (9th Cir. 2009) (only one
     attorney of record needs to sign the notice and certify that the remaining defendants consent to removal; separate
     written consent from those defendants is not required). Quality Loan Service received service of the complaint on

22   April 28, 2023, before Chase, Dkt. No. 9-1 at 351–52, but where "a later-served defendant files a notice of removal,
     any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously

23   initiate or consent to removal," 28 U.S.C. § 1446(b)(2)(C).

24   [4] Mr. Wilson filed for bankruptcy a week after the superior court denied his motion for a temporary restraining order.
     Dkt. No. 19 at 11; *In re John Robert Wilson*, No. 23-10919-MLB, Dkt. No. 1 (Bankr. W.D. Wash. May 18, 2023).

then briefly explains why referral to the bankruptcy court is appropriate here.

**A.   Subject Matter Jurisdiction and Motion to Remand**

Federal courts have original but not exclusive jurisdiction of all civil proceedings "related to cases under title 11." 28 U.S.C. § 1334(b). And a party "may remove any claim or cause of action" to federal district court (subject to certain exceptions inapplicable here) so long as the court "has jurisdiction of such claim or cause of action under Section 1334[.]" *Id.* § 1452(a); *see also id.* § 1441(a) (removal of a state civil action to federal district court is proper when the federal court would have original jurisdiction over the action). But "[t]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). Doubts as to removability are resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see Fed. Home Loan Bank of Chicago v. Banc of Am. Sec. LLC*, 448 B.R. 517, 523 (C.D. Cal. 2011) (applying the general presumption against removal to Section 1452); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 307 (C.D. Cal. 2010) (same).

1.   Section 1334(b) Jurisdiction Exists

Chase has carried its burden of showing that removal was proper under Section 1452(a) because this case is sufficiently "related to" Mr. Wilson's ongoing bankruptcy proceedings to vest the Court with original jurisdiction. In defining the term "related to" for purposes of Section 1334(b) jurisdiction, the Ninth Circuit has "differentiated between bankruptcy cases that are pending before a plan has been confirmed and bankruptcy cases where the plan has been confirmed and the debtor discharged from bankruptcy." *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 760 (9th Cir. 2022). When, as here, the state action is removed in the pre-confirmation context, "related to" is defined "broadly" to encompass all proceedings in which the outcome "could

1  conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 760–61
2  (emphasis omitted) (quoting *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)); *see also In re Sasson*,
3  424 F.3d 864, 868 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad,
4  'including nearly every matter directly or indirectly related to the bankruptcy.'" (quoting *In re*
5  *Mann*, 907 F.2d 923, 926 n.4 (9th Cir. 1990))).[5]

6       The Court concludes that the subject of this action—i.e., whether Defendants may collect
7  Plaintiffs' home loan debt, including through foreclosure—"could alter [Plaintiffs'] rights,
8  liabilities, options, or freedom of action (either positively or negatively)," and could in some way
9  "impact[] . . . the handling and administering of the bankrupt estate." *Fietz*, 852 F.2d at 457
10  (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled in part on other*
11  *grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)). As Chase argues,
12  adjudication of Plaintiffs' claims "will necessarily have an effect on the bankruptcy estate" because
13  "the property available for distribution to [his] creditors will change depending on whether . . .
14  [his] claims have merit." Dkt. No. 7 at 2; *see* 11 U.S.C. § 541(a)(1) (the bankruptcy estate
15  encompasses "all legal or equitable interests of the debtor in property as of the commencement"
16  of the proceeding); *In re Maue*, 611 B.R. 367, 376 (Bankr. W.D. Wash. 2019) ("Courts construe
17  § 541 broadly to bring any and all the debtor's property rights within the bankruptcy court's
18  jurisdiction."). This action is accordingly "related to" Mr. Wilson's ongoing bankruptcy
19  proceedings for purposes of Section 1334(b) jurisdiction.[6]

[5] In contrast, "[a] proceeding that arises *after* a [bankruptcy] plan has been confirmed is 'related to' a bankruptcy case only if there is 'a close nexus to the bankruptcy plan or proceeding.'" *Cnty. of San Mateo*, 32 F.4th at 761 (emphasis added) (quoting *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005)). The Court applies the broader "related to" definition here because Plaintiffs filed this action (i.e., it arose) before he initiated bankruptcy proceedings, and Chase removed it before any plan was confirmed or the proceeding was otherwise dismissed.

[6] The Court therefore need not address whether federal question jurisdiction or diversity jurisdiction is also present.

ORDER ON PENDING MOTIONS - 5

2.   <u>Section 1334(c)'s Abstention Provisions are Inapplicable</u>

Plaintiffs concede that Section 1334(b) jurisdiction exists but insist that the Court must nonetheless "abstain from exercising that jurisdiction" because "proceeding with the referral would violate the letter of 28 U.S.C. § 1334(c)(2) and the spirit of 1334(c)(1)." Dkt. No. 8 at 1–2 (footnote omitted); *accord* Dkt. No. 11 at 10. The Court disagrees. Section 1334(c)'s mandatory and permissive abstention provisions are inapplicable once the related state court action has been removed to federal court. *Sec. Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009–10 (9th Cir. 1997) (noting that "[a]bstention can exist only where there is a parallel proceeding in state court," and that the defendant "extinguished" the state action upon successful removal); *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 2:08-md-1919-MJP, 2011 WL 4712177, at *2 (W.D. Wash. Oct. 6, 2011) ("Plaintiffs' action was removed to federal court, and there is no pending state court case. With no pendant state actions, § 1334(c) is inapplicable.").

3.   <u>The Court Declines to Remand this Case Under Section 1452(b)</u>

Given Plaintiffs' pro se status, the Court also construes their abstention arguments as a Section 1452(b) request for equitable remand. *See* 28 U.S.C. § 1452(b) (a district court "may remand" a claim or action removed under Section 1452(a) "on any equitable ground"); *Sec. Farms*, 124 F.3d at 1010 (Section 1452(b) "provides district courts with the authority to remand civil actions properly removed to federal court[] in situations where there is no parallel [state] proceeding."). This request is unavailing.

The "any equitable ground" standard is "an unusually broad grant of authority" that "subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). But because the standard "is not statutorily defined, case law has imported factors governing discretionary abstention to assist

with the remand decision." *Stichting Pensioenfonds*, 447 B.R. at 311. The following is a nonexclusive list of those factors:

> (1) The effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy estate; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

*Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp. 2d 1283, 1290 (W.D. Wash. 2010).[7] A single factor can provide a sufficient basis for equitable remand. *Stichting Pensioenfonds*, 447 B.R. at 311. However, these factors only guide the Court's decision, "they do not control it." *In re Roman Cath. Bishop of San Diego*, 374 B.R. 756, 762 (S.D. Cal. 2007).

   The Court finds that the factors counsel in favor of retaining federal jurisdiction. The first weighs slightly against remand. As noted above, whether Defendants may collect Plaintiffs' home loan debt, including through foreclosure, could conceivably impact the administration of the bankruptcy estate. The second factor favors remand. Plaintiffs' claims sound exclusively in state law and, with one minor exception, involve interpretation and application of state law. The third factor tips towards retention of jurisdiction. Although state claims predominate, "they are not unusual or complex." *In re Wash. Mut.*, 2011 WL 4712177, at *2; *see also In re Diversified Cont. Servs.*, 167 B.R. at 597 (the state tort law on which plaintiff's claims were based was not "unsettled or complex").

   The fourth factor slightly favors retaining jurisdiction. State law claims "generally belong in state court," and this case "involves state law claims that could not have been removed to federal

---

[7] Some courts have listed fewer factors, while others have listed more. *See, e.g.*, *In re Wash. Mut.*, 2011 WL 4712177, at *2 (six factors); *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 2:08-md-1919-MJP, 2010 WL 11591389, at *2 (W.D. Wash. Feb. 17, 2010) (11 factors); *In re Diversified Cont. Servs., Inc.*, 167 B.R. 591, 596–97 (Bankr. N.D. Cal. 1994) (12 factors); *In re Cedar Funding, Inc.*, 419 B.R. 807, 820 & n.18 (B.A.P. 9th Cir. 2009) (fourteen factors); *Stichting Pensioenfonds*, 447 B.R. at 311 (same). However, the Court need not limit its consideration to only listed factors.

court" absent Mr. Wilson's pending bankruptcy proceeding. *Brown v. Affiliated Comput. Servs., Inc.*, No. C08-5367-FDB, 2008 WL 2856854, at *2 (W.D. Wash. July 21, 2008). But federal courts routinely apply state law, and there is no reason to believe that this Court or the bankruptcy court cannot properly do so in this case. Nor do Plaintiffs otherwise explain why federal adjudication of their state law claims would run counter to principles of comity or infringe on federal respect for Washington law. *See In re Wash. Mut.*, 2011 WL 4712177, at *2 (plaintiff failed to show "that comity [was] better served by remand"). The fifth factor weighs in favor of remand. Although the Court does not definitively pass on the relatedness or remoteness of the issues in this action to the administration of the bankruptcy estate, it harbors some suspicion given Chase's decision to remove the case directly to this Court as opposed to the bankruptcy court. *See Brown*, 2008 WL 2856854, at *2 ("The tenuous connection of the claims asserted in this case to bankruptcy administration is further illustrated by the fact that removal was to this Court and not to the federal bankruptcy court.").[8]

As for the sixth factor, the Court declines to determine whether Plaintiffs are entitled to a jury trial on each of their claims. It assumes (without deciding the Seventh Amendment issue) that this factor weighs in favor of remand for purposes of Section 1452(b). The seventh and final factor, however, favors retaining jurisdiction. Plaintiffs have not demonstrated that they will suffer any prejudice from having to litigate this action in federal court as opposed to state court. *See In re Wash. Mut.*, 2011 WL 4712177, at *2. Thus, on balance the factors suggest that retention of jurisdiction is appropriate. Further compelling this conclusion is the "unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706,

---

[8] Chase suggests that it removed to this Court instead of the bankruptcy court "in an abundance of caution" because "there are several grounds for federal jurisdiction[.]" Dkt. No. 7 at 2.

716 (1996) ("We have often acknowledged that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.").

    4. <u>Removal "Defects"</u>

Plaintiffs next raise two "defects" in Chase's removal of this action. *See* Dkt. No. 11 at 10–13. Neither issue, however, is a defect in removal. And neither necessitates remand. First, they argue that Chase failed to file an answer or Rule 12(b) motion within the longest period established by Federal Rule of Civil Procedure 81(c)(2). *Id.* at 11–12. Second, they note that Chase failed to comply with Local Civil Rule 101(g), which states that "[p]arties asserting removal under 28 U.S.C. § 1452 . . . should file their notice of removal with the Clerk of the Bankruptcy Court," not the Clerk of this Court. Dkt. No. 11 at 12–13. But Plaintiffs cite no authority suggesting that these mistakes are grounds for remand.[9] Nor has the Court found any.

The Court denies Plaintiffs' motion to remand.

**B.    Motion to Enforce Referral to Bankruptcy Court**

District courts are permitted to require "that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a); *see Dunmore v. United States*, 358 F.3d 1107, 1113 (9th Cir. 2004) (bankruptcy courts exercise derivative jurisdiction). Pursuant to this statutory authority, the Western District of Washington has enacted Local Civil Rule 87(a), which automatically refers to the bankruptcy judges of this district "all cases . . . related to a case under Title 11." *See In re Nw. Territorial Mint, LLC*, No. C16-01895-JCC, 2017 WL 568821, at *1 (W.D. Wash. Feb. 13, 2017) (referral under LCR 87(a) is automatic). When referral has not "otherwise been effected by the clerk of the district court," a party may move the district court to

---

[9] Indeed, Plaintiffs are "not sure how the[se] problem[s] should be resolved," and have elected to "leave resolution . . . to the wisdom of the Court." *Id.* at 10.

enforce referral. LCR 87(b).

Plaintiffs' sole objection to referral is that the Court lacks subject matter jurisdiction and must remand this action. Dkt. No. 8 at 1–2. For the reasons discussed above, however, the Court disagrees. Referral under LCR 87(a) is appropriate because this action is "related to" Mr. Wilson's pending bankruptcy proceedings before Judge Barreca.

### III.   CONCLUSION

The Court GRANTS Chase's Motion to Enforce Referral to Bankruptcy Court, Dkt. No. 7, and DENIES Plaintiffs' Motion to Remand, Dkt. No. 11.

The Court REFERS this case to the United States Bankruptcy Court for the Western District of Washington as related to *In re Wilson*, No. 23-10919-MLB (Bankr. W.D. Wash.). This referral includes Chase's Motion to Dismiss, Dkt. No. 19, and Request for Judicial Notice in Support of Motion to Dismiss, Dkt. No. 20.

Dated this 6th day of October, 2023.

Lauren King
United States District Judge